UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAULO BARAJAS,<br><br>Defendant. | Case No. 22-cv-00418-JSC<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 16 |

Plaintiff alleges Defendant is delinquent on payment of back wages and the associated penalties and fees resulting from a Department of Labor ("DOL") investigation of Defendant's business. (Dkt. No. 1.) After assessing penalties, the DOL referred the case to the Department of the Treasury, which then referred the matter to the Department of Justice for debt collection. (*Id.*) The Department of Justice then initiated the instant case. (*Id.*)

Defendant has failed to appear in the case and Plaintiff has moved for default judgment. (Dkt. No. 12.) Based on the Court's review of the March 14, 2022, Proof of Service and accompanying "Declaration re Diligence to Effect Personal Service" by the process server of the complaint and summons, Plaintiff has not demonstrated that Defendant was properly served. (Dkt. No. 8.) Therefore, as set forth below, the Court denies without prejudice Plaintiff's motion for default judgment.

**PROCEDURAL HISTORY**

Plaintiff filed the complaint on January 21, 2022, (Dkt. No. 1), and then attempted service

of process multiple times until its final attempt on March 6, 2022, (Dkt. No. 8 at 1-2). *See* Fed. R. Civ. P. 4. Plaintiff first attempted service of process at a work address for Defendant in Vallejo, California, on four occasions. (Dkt. No. 8 at 1-2.) On the final occasion, on February 20, 2022, the store manager informed Plaintiff that Defendant had been let go approximately four months earlier—months before Plaintiff filed its Complaint. (*Id.*)

The Certificate of Indebtedness attached to Plaintiff's Complaint listed an address for Defendant in American Canyon, California, (Dkt. No. 1-1 at 1), but Plaintiff did not then attempt service there, (Dkt. No. 8 at 1-2). Instead, Plaintiff next attempted service of process at a residence in Napa. (*Id.*) Plaintiff attempted to serve Defendant at the Napa residence on four occasions, but never found Defendant there. (*Id.*) On the fifth attempt to serve Defendant at the Napa residence, Plaintiff served someone the process server listed as, "Maya Calderon Wife & Co-Tenant." (*Id.*)

Defendant failed to answer the Complaint and Plaintiff moved for entry of Defendant's default. (Dkt. No. 12.) In Plaintiff's motion for entry of Defendant's default, DOL's private counsel attests he spoke with Defendant in Spanish a few months after Plaintiff filed its complaint. (*Id.* at 2:2-12.) At Plaintiff's request, the Clerk entered default on June 8, 2022. (Dkt. No. 14 at 1.)

Plaintiff subsequently filed the pending motion for default judgment and attempted to send a copy to Defendant via U.S. mail to the Napa address where Plaintiff attempted service of process. (*Compare* Dkt. Nos. 16-1, 16-2 *with* Dkt. No. 8.) Plaintiff now requests the Court enter judgment in its favor in the total amount of $19,854.94. (Dkt. No. 16 at 2:7-8.) This amount includes: (1) $12,975.78 in principal; and (2) the difference in "additional penalties, administrative fees and interest." (*Id.* at 2:4-5.)

**DISCUSSION**

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685 (9th Cir. 1988). Therefore, before granting default judgment, a district

2

court should ensure the adequacy of the service of process on the party against whom default judgment is requested. *Bricklayers & Allied Craftworkers Loc. Union No. 3 v. Palomino*, No. C09-01589-CW DMR, 2010 WL 2219595, at *2 (N.D. Cal. June 2, 2010).

A default entered in the absence of proper service of process may be set aside as void. *See Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) (reversing district court's grant of summary judgment on grounds the default judgment entered against the plaintiff in a previous action involving the same parties was void and had no res judicata effect because the complaint in the previous action was not properly served). Where the party seeking a default judgment has not shown that the defendant was provided with adequate notice of an action, "it is inappropriate to conclude the defendant has failed to plead or otherwise defend" under Federal Rules of Civil Procedure Rule 55(a). *McFadden v. Deutsche Bank Nat. Tr. Co.*, No. 2:10-CV-03004 JAM, 2012 WL 2839810, at *2 (E.D. Cal. July 10, 2012) (internal citations and quotations omitted), *report and recommendation adopted*, No. CIV-S-10-3004-JAM, 2012 WL 3756579 (E.D. Cal. Aug. 28, 2012). When construing service rules, service of process must still be "in substantial compliance with Rule 4." *Jes Solar Co. Ltd. v. Tong Soo Chung*, 725 F. App'x 467, 470 (9th Cir.), *amended on denial of reh'g*, 716 F. App'x 635 (9th Cir. 2018) (internal citations and quotations omitted).

Under Federal Rules of Civil Procedure Rule 4(e) an individual within a judicial district of the United States may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> …
> (2)(B) leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there.

Plaintiff bears the burden of proving proof of service of process. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Specifically, Plaintiff must demonstrate it has met its burden of "demonstrating legally sufficient service of process in accordance with the requirements" of Rule

3

4. Fed. R. Civ. P. 4; *Downing v. Wanchek*, No. CIV S-07-1599JAMEFB, 2009 WL 256502, at *3 (E.D. Cal. Jan. 30, 2009), *report and recommendation adopted*, No. CIVS07-1599 JAM EFB, 2009 WL 1211658 (E.D. Cal. Apr. 29, 2009).  Plaintiff has not met this burden.

**1. The requirements under Rule 4(e)(2)(B) for substitute service of process are not met.**

The Federal Rules of Civil Procedure allow for substitute service of process. Fed. R. Civ. P. 4(e)(2)(B).  Substitute service of process occurs when the summons and complaint are left with a person of "suitable age and discretion who resides there" at the defendant's "dwelling or usual place of abode." *Id.*  Here, Plaintiff has not established it left the summons and complaint at Defendant's dwelling or usual place of abode.

The process server's declaration states he served the appropriate papers on Defendant's wife "at the dwelling house or usual abode of the party."  (Dkt. No. 8 at 1-2.)  The declaration does not explain why Plaintiff believed this Napa address was Defendant's dwelling or usual place of abode.  (*Id.*)  The declaration also does not explain why Plaintiff did not attempt service at the address for Defendant listed on Plaintiff's Certificate of Indebtedness.  (*Compare* Dkt. No. 1-1 at 1 (listing Defendant's address as one in American Canyon) *with* Dkt. No. 8 at 2-2 (listing Defendant's home address as one in Napa).)  The declaration further does not explain why the process server believed Ms. Maya Calderon, who received process, was Defendant's wife and that she also lived at the residence.  (Dkt. No. 8.)  Thus, the process server's declaration is insufficient to meet Plaintiff's burden.  *See Raynor v. District of Columbia*, 296 F. Supp. 3d 66, 70-71 (D.D.C. 2017) (finding service was improper where "the only evidence plaintiff mustered to prove that defendant resided with sister were the signed return of service and a private investigator's letter, neither document provided a factual basis for defendant's alleged residence, and without more, the bare assertions were simply not enough to establish that the service address was defendant's dwelling or usual place of abode"); *see also United States v. Rose*, 437 F. Supp. 2d 1166, 1173 (S.D. Cal. 2006) (finding substitute service of process valid when the person serving process declared, "he was informed by the security guard on duty that [plaintiff] . . . lived . . . at the property").  Plaintiff's claim it served Defendant's wife at the residence is insufficient absent

4

evidence that Defendant also lives at that residence and evidence that the woman served is Defendant's wife. *See DeFazio v. Wright*, 229 F. Supp. 111, 113 (D.N.J. 1964) (finding service of process inadequate when performed upon a wife and daughter who were not living with the defendant at the time).

The documents before the Court do not demonstrate Plaintiff's substitute service of process upon Defendant was legally sufficient to meet the requirements of Federal Rule of Civil Procedure 4(e)(2)(B).

### 2. The requirements for service of process under California's rules governing substitute service are not met.

California law closely resembles federal law for substitute service. Where a plaintiff fails to personally serve a defendant with a summons and complaint through "reasonable diligence," they may serve a defendant

> [b]y leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode . . . in the presence of a competent member of the household or a person apparently in charge of his or her . . . usual mailing address . . . at least 18 years of age, who shall be informed of the contents thereof.

Cal. Civ. Proc. Code § 415.20(b). In addition to not explaining why Plaintiff believed this address in Napa was Defendant's home and the person served was Defendant's wife, Plaintiff did not explain why it believed the residence was Defendant's "usual mailing address" at the time of service of process. (Dkt. No. 8 at 2-2.) Further, Plaintiff did not state it informed Ms. Maya Calderon, the recipient of service, of the contents of service when it attempted substitute service of process upon her. (*Id.*)

The documents before the Court do not demonstrate Plaintiff's service of process upon Defendant was legally sufficient to meet the requirements of California Code of Civil Procedure Section 415.20(b). Therefore, service of process did not meet the requirements of Federal Rule of Civil Procedure 4(e)(1).

### 3. Defendant's purported actual notice does not preclude the need for proper service of process.

Plaintiff raises the possibility of actual notice waiving the need for appropriate service of

5

process.  (Dkt. No. 16 at 4:22-24 (stating Defendant contacted Plaintiff's counsel about the lawsuit).)  However, actual notice does not defeat the need for proper service of process.  *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("actual notice . . . will [not] subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4").

## CONCLUSION

Because Plaintiff's motion does not establish that Defendant was properly served with the summons and complaint, the Court DENIES Plaintiff's Motion for Default Judgment without prejudice.  A case management conference is scheduled for November 3, 2022 at 1:30 p.m. via Zoom video.  If Plaintiff has not renewed its motion for default judgment, it shall submit a case management statement one week in advance.

**IT IS SO ORDERED.**

Dated: September 21, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge